UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS ANTHONY WILBON,

                Petitioner,                Case Number: 03-10257-BC
                                                    Honorable David M. Lawson

v.

RAYMOND BOOKER,

                Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

The petitioner, Louis Anthony Wilbon, filed a *pro se* petition for a writ of habeas corpus on October 16, 2003, challenging his detainer and continued incarceration on the ground that his sentence had expired. On June 9, 2004, the Court issued an Opinion and Order Holding in Abeyance Petition for Writ of Habeas Corpus and Administratively Closing Case because the petitioner had not yet exhausted his state court remedies. The petitioner filed an amended petition in August of 2004, which the Court also held in abeyance because it appeared that the petitioner still had not yet exhausted his state court remedies. On September 27, 2004, the petitioner filed another Amended Petition for a Writ of Habeas Corpus, and the Court ordered the respondent to file a response. On February 23, 2005, the Court denied the petitioner's motion to reinstate the habeas corpus petition and dismissed the petition because the petitioner still had not demonstrated that he had exhausted his state court remedies. The petitioner filed a Motion for Reconsideration on April 6, 2005, and the respondent has filed a response. The Court concludes that the petitioner has not shown that the Court's decision was the result of a palpable defect by which the parties and the Court were misled, and, therefore, the Motion for Reconsideration will be denied.

I.

The petitioner's habeas corpus petition in this Court alleges that the Michigan Department of Corrections placed a detainer on him while he was in federal custody in August 2000. The petitioner claimed that the detainer was sought for a violation of parole on a sentence that should have already terminated, and that state officials executed the detainer on March 29, 2002 as he was released from federal custody. This claim regarding the state's detention of the petitioner for this allegedly terminated sentence is the only claim that the petitioner has stated in his petition; that is the claim that must be exhausted.

On February 28, 2003, the petitioner filed a state complaint for habeas corpus in the Wayne County, Michigan Circuit Court, which was denied. *Wilbon v. Michigan Dep't of Corr.*, No. 03-306569-AH (3d Jud. Cir. Ct. Sept. 24, 2003). No appeal was taken. At the time, the petitioner apparently was incarcerated in the Ryan Correctional Facility in Detroit, Michigan. The petitioner then filed his habeas corpus petition in this Court. Because the petitioner did not exhaust his state court remedies prior to filing his habeas corpus petition, this Court held the petition in abeyance and required the petitioner to file an application for delayed appeal or other appropriate papers in state court by August 9, 2004.

When the petitioner attempted to appeal the state circuit court decision, he received a letter from the Michigan Court of Appeals explaining that the decision was not appealable, but that he could file an original petition in the Michigan Court of Appeals as described in *Triplett v. Deputy Warden, Jackson Prison*, 142 Mich. App. 774, 779-80, 371 N.W.2d 862, 866 (1985). Instead of doing that, the petitioner filed an "Amended Complaint for Writ of Habeas Corpus" in this Court on August 13, 2004, which appeared to be the state court complaint that the petitioner was supposed

to file as an original action in the Michigan Court of Appeals. To it, the petitioner attached the letter from the Michigan Court of Appeals explaining that he must file an original action in that court. This Court issued an order on September 13, 2004 holding the "amended complaint" in abeyance because the petitioner had not yet demonstrated exhaustion of state court remedies.

The petitioner reports that he filed an original state complaint for habeas corpus in the Michigan Court of Appeals on September 21, 2004; he was incarcerated in the Kent County Jail on other charges at that time. In October of 2004 he received word from the state court of appeals that his filing was defective because he had not included with his complaint copies of an original complaint for habeas corpus in the Kent County Circuit Court. The petitioner failed to supplement his petition because "[a]t no time did a state habeas action originate in Kent County." (*See* Petr.'s Rebuttal to Respondent's Response and Request for Issuance of the Writ of Habeas Corpus, dkt #15, at 3). The petitioner had filed his original state complaint for habeas corpus in Wayne County and not in Kent County. The Michigan Court of Appeals dismissed his complaint for lack of jurisdiction on November 3, 2004, explaining that "plaintiff failed to file a complaint for a writ of habeas corpus in the proper court below before instituting the original action in this court." *Wilbon v. Kent County Sheriff*, No. 258049 (Mich. Ct. App. Nov. 3, 2004).

On September 27, 2004, while his state complaint for habeas corpus was still pending in the Michigan Court of Appeals, the petitioner filed a second "Amended Complaint for Writ of Habeas Corpus" in this Court, and on October 15, 2004 he filed a motion to reinstate his case. The Court denied the motion to reinstate and dismissed the petition on February 23, 2005 because the petitioner had failed properly to present his claim that he was being confined beyond the term of his sentence to the Michigan appellate courts, despite repeated opportunities to do so.

The petitioner signed and dated a motion for reconsideration on February 28, 2005, claiming that the Court's decision was improper because the Court failed to note that he filed an original state habeas corpus complaint in the Michigan Court of Appeals that was dismissed for lack of jurisdiction. The petitioner believes that he cannot appeal the denial of his state habeas complaint to the Michigan Supreme Court, but asks that the Court hold his federal petition in abeyance if it deems further exhaustion necessary. However, the petitioner does not believe that the state supreme court will entertain an application for leave to appeal because the petitioner has not fully paid fees incurred from previous litigation. The petitioner further complains that the Michigan state courts have given him the "judicial runaround" by refusing to consider his state complaint for habeas corpus. Moreover, the petitioner reiterates his argument that he raised the issue of his terminated sentence in a motion for relief from judgment that he filed in the Kent County Circuit Court and appealed through all levels of the Michigan state courts.

According to the papers that Wilbon has filed with the Court, he was sentenced by Judge Denis Kolenda in the Kent County, Michigan circuit court to a five-year custody term on March 14, 2005, but that sentence was to run consecutive to his federal sentence. Wilbon presently is in federal custody serving a sentence imposed for violation of supervised release. He contends that the Michigan Department of Corrections lodged a detainer with federal authorities on June 6, 2006 alleging a parole violation on sentences that were terminated quite some time ago.

II.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties have been misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a

defect which is "obvious, clear, unmistakable, manifest, or plain." *Smith v. Mount Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

The petitioner contends that the "palpable defect" in the Court's order denying his motion to reinstate was this Court's failure to recognize that the petitioner filed an original complaint for a writ of habeas corpus in the Michigan Court of Appeals in an attempt to exhaust his state court remedies. It is true that the petitioner filed an original complaint in the Michigan Court of Appeals on September 21, 2004. However, the petitioner then filed his second amended petition for a writ of habeas corpus in this Court before the state court ruled on his state habeas complaint. Although that complaint was ultimately dismissed for lack of jurisdiction because the petitioner "failed to file a complaint for a writ of habeas corpus in the proper court below," *Wilbon v. Kent County Sheriff*, No. 258049 (Mich. Ct. App. Nov. 3, 2004), the petitioner failed to inform this Court of the denial of relief until after the Court denied the federal petition in February of 2005. Thus, the petitioner had not shown exhaustion of his available state remedies in his amended petition.

Furthermore, even if the petitioner had waited until he received the decision of the state court of appeals to file his petition, he has failed to exhaust his state court remedies because he has failed to apply for leave to appeal the decision of the Michigan Court of Appeals to the Michigan Supreme Court. Under Michigan law, a petitioner may apply for leave to appeal to the Michigan Supreme Court upon the denial of a complaint of habeas corpus in the Michigan Court of Appeals. *See, e.g., McCloud-Bey v. Mich. Dep't of Corr.*, 461 Mich. 940, 606 N.W.2d 26 (1999). The petitioner's argument that the state supreme court will not entertain his application because of past due filing fees is premature because the petitioner has not attempted to file an application for leave to appeal the decision. Moreover, his pre-existing debt with that court is no excuse for his failure to at least

make an attempt to comply with the State's procedural rules. The petitioner is well aware that he must invoke one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court, to exhaust his claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The petitioner is most likely mistaken in his estimation that the state courts have been giving him the "judicial runaround." The petitioner's original complaint for habeas corpus in the court of appeals was dismissed because the petitioner had failed to file a petition in the *proper* court below. Once he was transferred to the custody of the Kent County sheriff, the petitioner apparently needed to file an original complaint for habeas corpus in that circuit court before filing an action in the court of appeals. Because the petitioner was no longer in custody of officials in Wayne County, the complaint filed in Wayne County was no longer sufficient. *See* Mich. Ct. R. 3.303(A)(2), (3).

Because the petitioner had not shown that he exhausted his state court remedies in his second amended petition and because the petitioner has still failed to exhaust state court remedies with respect to his claim, the petitioner has not shown that the court has been misled by a "palpable defect." *See* E.D. Mich. L.R. 7.1(g)(3). Thus, the petition challenging the March 29, 2002 execution of the state's detainer against the petitioner was properly dismissed, and the motion for reconsideration will be denied.

The petitioner notes in his latest filing that the June 6, 2006 detainer lodged against him was nominally for a parole violation on his terminated sentence. This is a new claim that is not the subject of the petitioner's current petition before the Court. If the petitioner wishes to challenge that detainer, he must start again in state court and fully exhaust that claim. In so doing, the petitioner should be careful to note for certain whether the detainer is based on the terminated sentence. Based

on the petitioner's latest filings, it appears that the petitioner owes the State of Michigan five years on the sentence handed down by Judge Kolenda on March 14, 2005. *See* Petr.'s Request for Status, dkt #26, Brief at 2-3. Because that sentence is to run consecutively to his present federal sentence, which presumably has not itself expired yet, the State certainly has valid grounds for lodging a detainer against the petitioner. It is possible that the State's June 6, 2006 detainer contains a scrivener's error and incorrectly identifies an old parole violation as its basis, rather than the legitimate ground of the undischarged state sentence. But the petitioner has a better chance of sorting all this out in the proper state court, where Michigan authorities can correct any of their errors or clarify their position. The point of the exhaustion requirement, after all, is to provide "state courts the first opportunity to correct federal constitutional errors and minimize[] federal interference and disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 514 (1982). "In practical terms, the law of habeas, like administrative law, requires proper exhaustion, and [the Supreme Court] ha[s] described this feature of habeas law as follows: 'To . . . "protect the integrity" of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies.'" *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006) (quoting *O'Sullivan*, 526 U.S. at 848).

### III.

Despite repeated opportunities to exhaust his state court remedies, the petitioner failed properly to present his claim to the Michigan appellate courts. Therefore, the Court's decision to deny the motion to reinstate habeas corpus petition and dismiss the petition was not based upon a palpable defect and the Court shall deny reconsideration.

Accordingly, it is **ORDERED** that the petitioner's motion for reconsideration [dkt # 17] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 28, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS

---